IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
CONNIE MORENO,                    )
                                  )    2:13-cv-00358-GEB-JFM
            Plaintiff,            )
                                  )
       v.                         )    ORDER TO SHOW CAUSE AND
                                  )    CONTINUING STATUS (PRETRIAL
IN SHAPE CITY,                    )    SCHEDULING) CONFERENCE
                                  )
            Defendant.            )
_____  )
```

The February 22, 2013, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on April 29, 2013, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The February 22nd Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than April 29, 2013, why sanctions should not be imposed against her and/or her counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or her counsel is at fault, and whether a hearing is requested on the OSC.[1] If

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of
(continued...)

a hearing is requested, it will be held on June 10, 2013, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

    IT IS SO ORDERED.

Dated:  April 18, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] (...continued)
Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).